UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/12/2020

-------------------------------------------------------------- X

GRUNBERG 77 LLC,

       Plaintiff,

  -against-

B.R. GUEST PARENT HOLDINGS, LLC, and
359 COLUMBUS AVENUE, L.L.C. (d/b/a
ISABELLA'S),

       Defendants.

-------------------------------------------------------------- X

**DISCOVERY ORDER**

17 Civ. 5627 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

  The parties move by joint letter to resolve three discovery disputes:

  (a) Plaintiff's refusal to proceed with a Rule 30(b)(6) deposition noticed by Defendants; (b) Defendants' identification of Ernest A. Badway, Esq., as a new witness and their refusal to produce him for deposition; and (c) Plaintiff's refusal to produce Edward J. Phillips, Esq., its lead counsel in this action, for deposition.

ECF No. 139, at 1. I find for Defendants on point (a); and partially for each party on points (b) and (c). As to (a), damages are a critical issue in this case and a deposition tailored to the topics listed in Defendants' Rule 30(b)(6) Deposition Notice, *see id.* at 13, will streamline the trial.[1] As to (b), Defendants are correct that Plaintiff's claim on the inadmissibility of Badway's testimony is better left to Plaintiff's motions *in limine*. On the other hand, I do not find Plaintiff to have waived its right to depose Badway, though deny Plaintiff's request for Defendants to bear the costs of this deposition. Thus, Defendants may call Badway at trial, subject to any rulings on motions *in limine*, and Plaintiff, at its own cost, may depose Badway before trial. Finally, as to

---

[1] I note that Plaintiff's reliance on *Presse v. Morel*, 10-cv-2730, 2011 WL 5129716 (S.D.N.Y. Oct. 28, 2011) is misplaced. There, unlike here, the magistrate judge denied a request to depose two individuals on precisely the same topics, once in their individual capacities, and again as 30(b)(6) witnesses. Here, Defendants seek a 30(b)(6) deposition on damages because prior depositions did not fully explore damages. *See* ECF No. 139, at 2-3.

(c), I find—consistent with my comment at the September 27, 2019 status conference—that Defendants are not permitted to depose Phillips. However, as I also stated at that conference, Plaintiff must designate another 30(b)(6) witness competent to testify on the reasonableness of the disputed fees.

SO ORDERED.

Dated:   February 12, 2020
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge